## Citizens National Bank of Lehighton v. Kupres

*Daniel J. Boyle*, for plaintiff; *P. B. Roads*, for defendant.

PALMER, J., December 19, 1932.—On January 3, 1924, judgment was entered to the above term in favor of the plaintiff and against the defendant for the sum of $400 upon a note dated September 20, 1923, payable 60 days after date. On March 9, 1927, this judgment was assigned to L. A. Steigerwalt, Andreas, Schuylkill County, Pa. Before entering the assignment, no certificate was produced by L. A. Steigerwalt, the assignee, setting forth his precise residence address. A rule was subsequently entered on petition of the defendant's administratrix praying that the judgment be stricken off because of the failure of the assignee to file such certificate.

The Act of March 31, 1915, P. L. 39, under which this judgment was entered provides that "the prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized attorney or agent, setting forth the precise residence address of the said creditor".

The Act of May 17, 1929, P. L. 1804, repealing the Act of 1915, is to the same effect, the only difference being in this particular matter that the latter act uses the word "plaintiff" instead of the words "judgment creditor" used in the former act. In both of these cases the law requires the performance of a certain thing by the judgment creditor or plaintiff before the judgment is entered. After the judgment is entered there is absolutely no statutory enactment compelling the use-plaintiff or the assignee of the original judgment creditor to file any certificate. Until the legislature commands, we cannot invalidate a judgment for not filing a certificate.

And now, December 19, 1932, the rule to strike off judgment is discharged.
                                    From M. M. Burke, Shenandoah. Pa.